### MERVIN V. POTTER.

A receipt having been given in evidence on a plea of full payment to a note and disallowed; is no objection to its going to the jury, in an action of *assumpsit* for the same money.

ACTION of *assumpsit* for £60 6s. 3d., money paid to the defendant on account of a certain note to have been indorsed thereon, and for which he gave a receipt; the defendant never indorsed it, but recovered the whole sum of the note, etc. The defendant plead *nonassumpsit.* Issue to the jury.

The defendant objected against the plaintiff's producing said receipt to the jury, or any evidence about it; because, that in the action brought by him on said note, the present plaintiff plead full payment, and under that issue he offered said receipt to the jury, and it was found and adjudged on said trial, that said receipt was for but £6 6s. 3d., which was allowed.

By the COURT. The plaintiff may prove his declaration — the receipt was only matter of evidence in the former trial, and is no more now. The point was then collaterally tried, now it will be directly decided. The receipt was admitted.

### WARNER ET AL. V. TOMLINSON ET AL.

A demurrer in chancery if ruled for the plaintiff is not final — but the court must inquire and find the facts.

ERROR to reverse a decree in chancery, of the County Court. Tomlinson et al. brought their petition in chancery against Warner et al. and Warner made a special plea in bar; to which a demurrer was given, and the County Court judged said plea insufficient and thereupon, without further inquiry, or finding any facts, proceeded to pass a final decree in the cause.

Error assigned — That said decree was illegally and erroneously conceived and made.

Judgment — Manifest error; for a judgment upon a demurrer in chancery, in favor of the petition, or against the plea, is not final, but interlocutory; besides, said court have not found any facts, to warrant said decree.